IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH ORTIZ-VÉLEZ, <br><br> Defendant. | CRIMINAL NO. 21-356 (FAB) |

**REPORT AND RECOMMENDATION**

Defendant Elizabeth Ortiz-Vélez was charged in a one-count Information and she agreed to plead guilty to the sole count of the Information. Count One charged Defendant with theft of government property, in violation of Title 18, United States Code, Section 641.

On September 29, 2021, Defendant appeared in-person before this Magistrate Judge since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Indictment and a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Information, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States of America v. Elizabeth Ortiz-Vélez</u>
Criminal No. 21-356 (FAB)
Report and Recommendation
Page 2

---

ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated in Count One of the Information, she was examined and verified as being correct that she had consulted with her counsel José Novas-Debien, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the Government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right

to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact, if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offense as to which she was pleading guilty. The maximum statutory penalty for the offense charged in Count One of the Information is a term of imprisonment of not more than ten (10) years, pursuant to Title 18, United States Code, Section 641; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3); and a supervised release term of not more than three (3) years, pursuant to Title 18, United States Code, Section 3583(b)(2).

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00), per count of conviction. The SMA will be deposited in the Crime Victim

United States of America v. Elizabeth Ortiz-Vélez
Criminal No. 21-356 (FAB)
Report and Recommendation
Page 4

---

Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

Defendant is aware that the Court may, pursuant to U.S.S.G. §5E1.2, order her to pay a fine. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligation under the Mandatory Victim Restitution Act of 1996. The parties agree that Defendant will make restitution to the United States Social Security Administration in the amount of $57,046.80. Defendant acknowledges that the restitution sought in this case does not impact the Social Security Administration's administrative policies and/or procedures including, but not limited to, withholding or overpayment policies.

Having ascertained directly from Defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying her signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One of the Information, as to which Defendant already was aware of the maximum possible penalties, Defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, Defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' agreement appears on page three (3) and four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, and it was further elaborated and explained. As to Count One of the Information, pursuant to U.S.S.G. §2B1.1(a)(2), the Base Offense Level is of six (6). Pursuant to U.S.S.G. §2B1.1(b)(1)(D), there is an increase of six (6) levels for a specific offense characteristic: amount of loss greater than $40,000.00. Pursuant to U.S.S.G. §3E1.1, there is a decrease of two (2) levels for acceptance of responsibility. Therefore, the Total Offense Level is of Ten (10), yielding an imprisonment range of six (6) to twelve (12) months, assuming a Criminal History Category of I; eight (8) to fourteen (14) months, assuming a Criminal History Category of II; ten (10) to sixteen (16) months, assuming a Criminal History Category of III; fifteen (15) to twenty-one (21) months, assuming a Criminal History Category of IV; twenty-one (21) to twenty-seven (27) months, assuming a Criminal History Category of V; twenty-four (24) to thirty (30) months, assuming a Criminal History Category of VI.

The parties do not stipulate as to any Criminal History Category for Defendant.

After due consideration of the relevant factors enumerated in Title 18, <u>United States Code</u>, Section 3553(a), the parties agree to request a sentence of two (2) years of

probation.

The parties agree that any recommendation by either party below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, § 3553- other than any explicitly provided for in the Plea Agreement- shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

As part of the written Agreement, the Government, the Defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and her counsel and is

United States of America v. Elizabeth Ortiz-Vélez
Criminal No. 21-356 (FAB)
Report and Recommendation
Page 7

---

attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, her attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the

case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsels acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant was read Count One of the Information. Defendant indicated she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One of the Information was what she had done and to which she was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that she agreed with the Government's evidence as to her participation in the offense. Thereupon, Defendant indicated she was pleading guilty to Count One of the Information in Criminal No. 21-356 (FAB).

This Magistrate Judge after having explained to the Defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 21-356 (FAB).

IT IS SO RECOMMENDED.

The sentencing hearing is set for January 24, 2022 at 9:00 am before Honorable Francisco A. Besosa, District Judge.

United States of America v. Elizabeth Ortiz-Vélez
Criminal No. 21-356 (FAB)
Report and Recommendation
Page 9

---

The parties have fourteen (14) days to file any objections to this report and recommendation.  *See*, 28 U.S.C. Sec. 636(b)(1); Fed. R. Crim P. 59 (b)(2); Fed .R .Civ. P. 72(b); and Puerto Rico Local Rule 72(d).  Failure to file same within the specified time waives the right to appeal this order. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 29th day of September of 2021.

                                                s/ CAMILLE L. VELEZ-RIVE
                                                CAMILLE L. VELEZ-RIVE
                                                UNITED STATES MAGISTRATE JUDGE